**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **LAUREN BOYD** | : | |
| 200 Bohemia Avenue, STE 4 | : | |
| Chesapeake City, MD 21915 | : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO. |
| **CIGNA HEALTHCARE** | : | |
| 1601 Chestnut Street | : | |
| Philadelphia, Pennsylvania 19192 | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, Lauren Boyd , by and through her undersigned counsel, files this Complaint

alleging that her rights, pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42

U.S.C. § 12101 *et seq*., and the Family Medical Leave Act, have been violated and avers as

follows:

### I. PARTIES AND JURISDICTION

1.      Plaintiff, Lauren Boyd (hereinafter ("Plaintiff") or ("Ms. Boyd"), is an adult

individual residing in Chesapeake City, MD, with a mailing address of 200 Bohemia Avenue,

STE 4, Chesapeake City, MD 21915.

2.      Defendant, Cigna Healthcare, (hereinafter "Defendant" or "Cigna"), is a business

corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a

prinicpal place of business at Two Liberty Place, 1601 Chestnut Street, Philadelphia, PA 19192.

1

3. At all times material hereto, Defendant employed Plaintiff at its Two Liberty Place, 1601 Chestnut Street, Philadelphia, Pennsylvania location as set forth above and qualified as Plaintiff's employer.

4. Defendant was Plaintiff's employer from August 16, 2021, until she was terminated on September 13, 2023.

5. At all times, Defendant met the definition of "employer" under the ADA and FMLA.

6. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

7. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

8. This action is instituted pursuant to the Americans with Disabilities Act, the Family Medical Leave Act ("FMLA") and applicable federal and state law.

9. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

10. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

**II. FACTS**

2

12.     On or about August 16, 2021, Defendant hired Ms. Lauren Boyd as a customer service advocate. Ms. Boyd performed all duties asked of her without any complaints or issues.

13.      On or around July 29, 2022, while shopping at Walmart, Lauren Boyd suffered injuries due to items falling from a broken shelf. The incident resulted in foot injuries, which subsequently caused back/neck issues and contributed to mental health challenges.

14.     Ms. Boyd also deals with chronic IBS and celiac disease, leading to anemia during flare-ups or contamination episodes lasting weeks. Due to her injury and health conditions, Ms. Boyd exhausted her FMLA and short-term disability.

15.     On August 11, 2023, Ms. Boyd experienced gluten contamination, leading to food poisoning-like symptoms, extreme fatigue, and headaches. This weakened her immune system.

16.     When Ms. Boyd contacted New York Life, the company that administered Cigna's FMLA and disability plans, they informed her that she would be eligible for disability again on September 6, 2023. From August 11, 2023, through September 6, 2023, Ms. Boyd utilized approved voluntary unpaid time off and ADA days when necessary.

17.     Immunocompromised from her celiac flare-up, Ms. Boyd contracted an upper respiratory infection and a UTI, causing additional work absences. She then contracted COVID, and her iron levels dropped, requiring an iron infusion.

18.     Cigna initially refused approval for a single-infusion iron drug, suggesting a five-infusion alternative. With her 4-day, 10-hour shift schedule, Ms. Boyd couldn't accommodate these lengthy infusions. Despite reaching out to her boss for flexibility, they declined and requested another ADA form, which Ms. Boyd was in the process of completing.

19.     As her health did not improve, Ms. Boyd applied for short-term disability on September 7, 2023 due to the extended time off. Defendant then terminated her on September 13, 2023, for attendance issues.

20.    Defendant asserted that Ms. Boyd couldn't take voluntary unpaid time off. Ms. Boyd advised Cigna that decisions on her FMLA/STD were pending, and that the unpaid time off had been approved by Cigna's workforce management.

21.    Ms. Boyd had two ADA leaves with Cigna, one for her GI issues and another for the iron infusions. The most recent ADA leave request, submitted on August 7, 2023, took Defendant weeks to approve.

22.    Ms. Boyd was terminated on September 13, 2023. At the time of her termination, Defendant had granted her twelve (12) hours per month off for flare-ups and an extra 10-minute break, which Ms. Boyd hadn't fully utilized at the time of termination.

23.    As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

## III. CAUSES OF ACTION

### COUNT I
### TITLE I CLAIM—AMERICANS WITH DISABILITIES
### ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

24.    Ms. Boyd incorporates the preceding paragraphs as if fully set forth at length herein.

25.    At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

26.    Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

4

27.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

28.     At all times material hereto, Ms. Boyd had a qualified disability, as described above.

29.     Ms. Boyd's disabilities included IBS, celiac disease and anemia.

30.     Plaintiff's disability substantially limited one or more of her major life activities, including, caring for herself, sleeping, concentrating, thinking and working.

31.     As set forth above, Plaintiff engaged in protected activity when she requested accommodations for her disability, including time off to manage her medical conditions, daily breaks and additional time off to allow her doctor to complete her return to work paperwork.

32.     Defendant failed to engage in the interactive process after Plaintiff told Defendant that she needed these accommodations.

33.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

34.     Defendant's reasons for Plaintiff's termination were pretextual.

35.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

36.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

5

has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

37.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

38.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
## RETALIATION
## (42 U.S.C.A. § 12101 et seq)

39.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

40.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based her exercising her rights under the Americans with Disabilities Act.

41.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

42.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

43.     As set forth above, Plaintiff engaged in protected activity when she requested accommodations for her disability, including additional time off to allow her doctor to complete her return to work paperwork.

44.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

6

45.     Defendant's reasons for Plaintiff's termination were pretextual.

46.     As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

47.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

48.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

49.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

**COUNT III**
**VIOLATION OF FMLA—INTERFERENCE**
**(29 U.S.C. §2601 et seq.)**

50.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

51.     As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

52.     As described above, Defendant interfered with, restrained and denied Plaintiff's exercise and/or attempts to exercise her rights under the Family and Medical Leave Act.

53.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

7

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

54. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

55. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorney's fees and court costs.

**COUNT IV**
**VIOLATION OF FMLA**
**RETALIATION**
**(29 U.S.C. §2601 et seq.)**

56. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

57. As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

58. Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her taking permissible FMLA leave.

59. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

8

60.    As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

61.    Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Lauren Boyd, demands judgment in her favor and against the Defendant in an amount in excess of $150,000.00 together with:

A.    Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B.    Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C.    Punitive damages;

D.    Attorney's fees and costs of suit;

E.    Reimbursement for medical bills;

F.    Interest, delay damages; and,

G.    Any other further relief this Court deems just proper and equitable.

Date: September 10, 2024          **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: */s/ Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
**(Pa Id. No.: 312785)**
Two Penn Center, Suite 1240

9

1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorneys for Plaintiff, Lauren Boyd*

10

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

September 10, 2024
_____
(Date Signed)

Electronically Signed                                                2024-09-09 20:41:08 UTC - 172.59.177.227

Nintex AssureSign®                                                caecea21-1954-4033-c0b0-b1e6013b0a52

Lauren Boyd

11